UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANGEL LENIN SERVELLON GIRON, ) <br> ) <br> *Petitioner*, ) <br> ) <br> v. ) <br> ) <br> KRISTI NOEM, *et al.*, ) <br> ) <br> *Respondents*. ) | Civil Action No. 2:25-cv-6301 (JXN) |

## ORDER GRANTING
## MOTION FOR TEMPORARY RESTRAINING ORDER

Before the Court is Petitioner Angel Lenin Servellon Giron's ("Petitioner" or "Giron") *ex parte* Emergency Motion for temporary restraining order ("Emergency TRO") pursuant to Federal Rule of Civil Procedure 65(b)(2), seeking to preserve the status quo and prevent Petitioner's deportation to Mexico while Petitioner's application[1] seeking withholding of removal based on a reasonable fear of persecution is under review. (ECF No. 9.) The Court having reviewed Petitioner's Emergency TRO and supporting documents,[2] and for good cause shown, this Court finds as follows:

(1) At this stage, on this record, and on this emergency posture, the Court is—for now— satisfied that 8 U.S.C. §§ 1252(b)(9) and (g) do not divest it of jurisdiction over the entirety of the Petition. *See John Roe v. Leonard Oddo, et al.*, No. 25-128, 2025 WL

---

[1] *See* 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. §§ 208.31, 241.8(e).

[2] Although orders issued before the non-moving party has responded are generally disfavored, considering the imminent threat of removal, the Court grants this limited restraining order without waiting for the Government's opposition. This temporary relief preserves the status quo until both parties can fully present their arguments at a preliminary injunction hearing. This approach balances the extraordinary nature of *ex parte* relief against the concrete risk of irreparable harm.

1892445, at *3 (W.D. Pa. July 9, 2025) ("[Title 8 U.S.C.] § 1252(b)(9) does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision . . . to seek removal, or the process by which . . . removability will be determined." (quoting *Department of Homeland Sec. v. Regents of the Univ. of Ca.*, 591 U.S. 1, 19 (2020))); *J.R. v. Bostock*, No. 25-01161, 2025 WL 1810210, at *2 (W.D. Wash. June 30, 2025) ("[T]he Supreme Court has interpreted [§ 1252(g)] narrowly, limiting it to "only three discrete actions": the "'decision or action' to commence proceedings, adjudicate cases, or execute removal orders." (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999))).

(2) Petitioner has established a likelihood of success on the merits, that Respondents are legally prohibited from removing him from the United States without first affording Petitioner review of Petitioner's application to withhold removal based on a reasonable fear of persecution.

(3) Petitioner has established that irreparable harm would result if Petitioner were deported to Mexico without being afforded an opportunity to have a reasonable fear interview.

(4) Petitioner has established that public interest and the balance of the equities support the issuance of a Temporary Restraining Order in his favor based on the foregoing.

(5) Counsel for Petitioner gave adequate notice to counsel for Respondents by emailing a copy of all filings to counsel for Respondents. This Order is issued without further notice to Respondents, as all notice practicable has been provided to them.

(6) Petitioner is unable to afford a security bond, and the government will not be financially harmed by the relief provided herein.

(7) **Motion to Dissolve.** On two (2) days' notice to Petitioner, Respondents may appear

and move to dissolve or modify this Order.

(8) The parties shall appear at a hearing on **July 22, 2025,** at **2:00 P.M.** in Newark - Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102, Courtroom 5D before District Judge Julien X. Neals, and SHOW CAUSE why this Court should not grant Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241.

(9) Pending the Court's ruling on Petitioner's petition for writ of habeas corpus, counsel for Respondents shall immediately provide the Court with notice if there is any change in Petitioner's immigration status; any action or planned action regarding whether Petitioner may be deported to a third country other than Mexico; any action or any other action or planned action that would otherwise affect Petitioner's ability to remain in the United States or the Court's ability to retain jurisdiction over this action.

**WHEREFORE,** for the foregoing reasons, this Court hereby **ORDERS** Respondents not to remove Petitioner from the United States pending further order of the Court.

ENTERED this 10th day of July, 2025, at **6** : **05** p.m.

JULIEN XAVIER NEALS
United States District Judge